IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES DEMKE | ) | |
| | ) | 19 CV 6453 |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| RIHA SERVICES INC., | ) | |
| And | ) | **JURY TRIAL DEMANDED** |
| FRANK RIHA | ) | |
| Named as an Individual under | ) | |
| The FLSA, IMWL AND IWPCA | ) | **ON ALL COUNTS** |
| Defendants. | ) | |

# COMPLAINT

NOW COMES the Plaintiff, Charles Demke, by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which he so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ) brings this cause of action against Defendant RIHA services and Frank Riha and in so doing states the following:

## NATURE OF THE ACTION

1. Plaintiff alleges that he, under both federal and state wage laws, were mis-classified as an "independent contractor" thus Defendants did not pay Plaintiffs, minimum wages, overtime wages, and/or all owed wages due under the FLSA and/or Illinois Wage Laws.

2.	Plaintiff was a delivery driver to retailers of newspapers, but not ultimate consumers.

3.	As a result of the practices of Defendants described herein, Defendants failed to adequately compensate Plaintiff, including minimum and overtime wages as required by the FLSA and IMWL.

4.	Plaintiff was paid a salary of $650.00 per week, but not paid any overtime wages.

5.	Plaintiff also alleges that if he were an employee, that he should have been paid on an hourly basis, as he does not qualify for a salary exemption, thus Plaintiff is owed overtime wages.

6.	Plaintiff also had to pay additional taxes due to his misclassification, thus Plaintiff demands payment of those costs, fees and fines.

## JURISDICTION AND VENUE

7.	Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

8.	Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

9.	This Complaint also alleges causes of action under the statutes of the State of Illinois, that arise out of the same set of operative facts as the federal causes of action herein alleged; furthermore; these state causes of action would be expected to be tried with the federal claims in a single judicial proceeding.

10.	This Court has supplemental jurisdiction over those additional claims pursuant to 28 U.S.C. § 1367(a).

11. The acts complained of herein were committed and had their principal effect, as described more fully below, within this District Court; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

**A. Plaintiff**

12. Charles Demke (hereinafter "Plaintiff") is a resident of Illinois. Plaintiff worked as a delivery driver in the State of Illinois.

13. Plaintiff worked typically worked seven days per week, averaging no less than forty hours per week that he worked, normally working 56 hours in a work week.

14. At all times relevant to this Complaint, Plaintiff was intentionally and improperly classified by Defendants as an independent contractor, but in reality he was an employee of Defendants subject to the requirements of the Fair Labor Standards Act, the Illinois Minimum Wage Act and the Illinois Wage Payment and Collection Act.

**B. Defendant RIHA Services**

15. Defendant Riha Services is an Illinois Domestic BCA corporation and was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Act, IWML, for all relevant time periods.

16. During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum, despite whatever allegations to the contrary the official "books" of Defendant might tend to support.

17. Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

18. Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

19. At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

20. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the 29 U.S.C. §201, et seq.

21. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Illinois Minimum Wage Act.

22. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under common law theories of unjust enrichment.

23. No exemptions or exceptions to the application of the FLSA or IWML apply to Plaintiffs.

**C. INDIVIDUAL DEFENDANT—Frank Riha**

24. The individual Defendant constitutes an employer within the meaning of the wage acts alleged herein because he directs and controls virtually all aspect of RIHA's control and operations and also directed the illegal pay practices as described herein as they impacted the Plaintiff.

25. Defendant Riha is very hands-on in his management of the Plaintiff and other drivers, including managing policy and procedures and the pay practices complained of herein.

26. As Owner and Manager the Individual Defendant both had the power to hire and fire the Plaintiff, and did indeed hire and fire the Plaintiff.

27.     As Owner and Manager the Individual Defendant both controlled the conditions of employment.

28.     As Owner and Manager the Individual Defendant both determined the rate and method of payment, including the specific violations alleged herein.

## STATEMENT OF FACTS

### Misclassification Facts

29.     Defendants intentionally misclassified many of its drivers as independent contractors, when legally they are employees, including the Plaintiff. In support of the Plaintiff's claims Plaintiff notes and a number of other Defendants drivers (doing the same job) were also classified as employees and paid as employees.

30.     The Defendants exercised extensive control over the Plaintiff, in the manner in which the Plaintiffs performed his job and conduct himself while on the Defendant's premises, Defendants set minimum work schedules, during the week and weekends, set hours of work.

31.     Defendants retain the power to hire and fire the Plaintiff and have disciplined or threatened to discipline Plaintiff if he did not comply with Defendants' requirements, rules and practices regarding the manner and means of their work.

32.     At all relevant times, the Plaintiff has not held himself out to be in business for himself. Instead, the drivers (including Plaintiff) are economically dependent on the relationship with Defendants for a substantial portion of their earnings.

33.     In addition, the Defendant corporation is in the business of providing delivery of news papers to its patrons. Thus, the drivers delivering papers to retail locations are clearly perform services in the usual course of Defendants' business, and without the

drivers, the Defendants would have no business, such that the drivers' work is integral to Defendants' business.

34. As further evidence of the Defendants obvious misclassification of the Plaintiff (and other drivers), Plaintiff prevailed in a protracted unemployment claim. In the six-page IDES finding, the ALJ wrote:

**The preponderance of competent evidence in the record established that RIHA SERVICES INC was an employer and the claimant was one of its employees, in employment, when he performed newspaper delivery services for them during his base period. Because the claimant provided services to RIHA SERVICES INC in employment, the remuneration paid for his services constituted wages, under the Act, which could be used to establish monetary eligibility for benefits. SEE 820 ILCS 4057225(B-5), Supra; 820 ILCS405/500E, Supra; and, Digest of Adjudication Precedents, 84-BRD-4301/3-29-84.**

**The evidence produced by Mr. Frank Riha, owner of RIHA SERVICES INC, was inconsistent and cast serious doubt on his credibility….**

**The employer argued the claimant was an independent contractor out of one side of his mouth, while the other side of his mouth admitted to the claimant would have been an employee, if he had only filled out paperwork.**

**The employer's responses to the Independent Contractor questionnaire were inconsistent with his testimony, and his testimony was inconsistent with the work reality as described by both parties.**

35. Plaintiff was also found to be an employee by the IRS.

36. The IRS finding concluded:

> **Based on the above analysis, we conclude that the firm had the right to exercise direction and control over the worker to the degree necessary to establish mat the worker was a common law employee and not an independent contractor operating a trade or business**.

6

37. Thus Plaintiff has overwhelming evidence of misclassification.

## FIRST CLAIM FOR RELIEF

### (Individual Claims for Violation of FLSA

38. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

39. Defendants intentionally failed to pay Plaintiff wages, in whole or in part.

40. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

41. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs initial complaint, plus periods of equitable tolling.

## SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of IMWL)

42. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

43. Defendants intentionally failed to pay Plaintiffs wages, in whole or in part.

44. Defendant's conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

45. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the IMWL.

## THIRD CLAIM

### Individual Claims Against Defendants
### For Retaliatory termination in violation of the IWPCA

98. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

99. Plaintiff protested that Plaintiff was misclassified as an "Independent Contractor", Plaintiff protested and demanded that Plaintiff be reclassified as an employee.

100. Plaintiff protested this reclassification of his work upon purchase of the delivery service by Mr. Riha.

101. As a result and in retaliation of the Plaintiff's wage protests of misclassification, Defendants first reduced the Plaintiff's pay.

102. Next the Defendants retaliated by increasing the Plaintiff's workload substantially.

103. Plaintiff continued to protest his misclassification, repeatedly stating he should be an employee, not a contractor.

104. Defendants realized the Plaintiff was correct, and actually instituted a change over to make Plaintiff and others employees, yet Defendants did not complete the change.

105. Ultimately, Defendants falsely accused Plaintiff of theft, despite that fact that Plaintiff had not even removed the alleged stolen property from the Defendants work site and additionally Plaintiff's moving the property as part of his normal job duties, which he had done for years.

106. Defendants even attempted to supplement their false claims of theft by calling the local police, who did not arrest the Plaintiff, rather noted that Plaintiff had removed nothing from the premises.

107. Thus the Plaintiff's termination was clearly retaliatory and in retaliation for the Plaintiff's misclassification complaints.

108. The Defendant is an "employer" under the terms of the IWPCA section

109. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

110. Individual Defendant is named as an employer, as he knowingly permitted violations of the IWPCA via termination of the Plaintiff's employment for his misclassification complaints.

## FOURTH CLAIM/COUNT

## RETALIATION FOR FLSA/OVERTIME WAGE CLAIMS PURSUANT TO THE FLSA

111. Plaintiff realleges and incorporates by reference all paragraphs contained in this complaint, as if fully set forth herein.

112. It is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3).

113. Plaintiff's retaliatory claims are supported because:

(1) Plaintiff was engaged in a protected activity, here, complaining that he was misclassified and thus was owed overtime wages qualifies as protected activity;

(2) Defendants were aware of Employee's participation in the protected activity, as Plaintiff complained directly to the Defendants;

(3) the Defendant took "adverse employment action," here Plaintiff pleads that his termination was the claimed adverse action, however the salary reduction and increased work also are evidence of that animus; and

(4) a causal connection existed between the protected activity and the adverse action, here shown by the evidence described above.

## COUNT V
## RETALIATION FOR WAGE COMPLAINTS UNDER ILLINOIS LAW

114. Plaintiff repeats and re-alleges all paragraphs of this complaint.

115. Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

116. Defendants failed to pay Plaintiffs for overtime hours worked.

117. The foregoing actions of Defendants constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.* Defendant's actions were willful and not in good faith.

118. Defendants are liable to Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*

**119.** Plaintiff was terminated from his employment with Defendants for

protesting his misclassification andor relating to the Defendants failures to pay overtime and/or minimum wages.

\

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff respectfully prays that each Defendant be summoned to appear and answer herein; for orders as follows:

(A) For an order of this Honorable Court entering judgment in Plaintiffs' favor against each Defendant, jointly and severally;

(B) That the Court award Plaintiffs' their actual economic damages in an amount to be determined at trial,

(C) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et sea., and attendant regulations at 29 C.F.R. §516 et sea..;

(E)  A declaratory judgment that Defendant's practices alleged herein violate the Illinois Minimum Act,

(F)  Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* and attendant regulations at 29 C.F.R. §516 et sea.:

(G)  Judgment for damages for all unpaid regular wages and overtime compensation under the Illinois Minimum Wage Law, and attendant regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq* in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Illinois Minimum Wage Law,. and attendant regulations;

(J) Judgment for any and all civil penalties to which Plaintiff may be entitled;

(K) For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendant;

(L) An order directing Defendant to pay prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(M) Such other and further relief as this Court may deem necessary, just and proper.

**Respectfully Submitted by __/S/John C. Ireland**
**The Law Office of John C. Ireland**
**636 Spruce Street South Elgin ILL 60177**
**630-464-9675     Fax 630-206-0889**
**Attorneyireland@gmail.com**


**Dated: September 29, 2019**